UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAGOBERTO TORRES,<br><br>          Petitioner,<br><br>  v.<br><br>MICHAEL BENOV, Warden,<br><br>          Respondent. | 1:12-cv—01831-SKO-HC<br><br>ORDER DISMISSING THE PETITION (DOC. 1) WITH LEAVE TO FILE A FIRST AMENDED PETITION NO LATER THAN THIRTY (30) DAYS AFTER THE DATE OF SERVICE OF THIS ORDER<br><br>ORDER DIRECTING THE CLERK TO SEND TO PETITIONER A § 2241 HABEAS CORPUS FORM<br><br>**FILING DEADLINE:**<br>**THIRTY (30) DAYS** |

    Petitioner is a federal prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 303. Pending before the Court is the petition, which was filed on November 8, 2012.

    I.   Screening the Petition

    Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty

1

Act of 1996 (AEDPA), the AEDPA applies to the petition. <u>Lindh v. Murphy</u>, 521 U.S. 320, 327 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997).

The Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b). Habeas Rule 4 requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990); <u>see also</u> <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; <u>O'Bremski v. Maass</u>, 915 F.2d at 420 (quoting <u>Blackledge v. Allison</u>, 431 U.S. 63, 75 n. 7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. <u>Hendricks v. Vasquez</u>, 908 F.2d 490, 491 (9th Cir. 1990).

The Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; <u>see</u>, <u>Herbst v. Cook</u>, 260 F.3d 1039, 1042-43

(9th Cir. 2001).  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

    II.  Background

    Petitioner alleges that he is an inmate of the Federal Correctional Institution at Taft, California (FCIT), serving a sentence of 96 months imposed in April 2008, in the United States District Court for the Western District of Texas, in case number EP-07-CR-1281-F, for illegal reentry by an alien in violation of 8 U.S.C. § 1326(a).  (Pet., doc. 1, 1-2.)  Petitioner alleges that he did not file an appeal from the judgment or sentence, but he filed a petition pursuant to 28 U.S.C. § 2255 based on the allegedly ineffective assistance of counsel.  (Id. at 2.) Petitioner claims he is innocent of the charge because his father's paternity was established by a court's adjudication, and thus Petitioner was a United States citizen and could not have been properly convicted of illegally reentering as an alien.

    Attached to the petition are two sets of documents.  The first set of documents reveal that a February 27, 2008 decision of the United States Citizenship and Immigration Services denied Petitioner's October 30, 2007 application for citizenship pursuant to section 341 of the Immigration and Nationality Act. The decision noted that Petitioner's 2002 application was denied in August 2005 because Petitioner had not established that 1) his father, while Petitioner was under the age of eighteen years, agreed in writing to provide him with financial support until he reached the age of eighteen years, legitimated him under either

Mexican law or the laws of the state of New Mexico, or acknowledged paternity over Petitioner in writing under oath; or 2) paternity had been established by the adjudication of a competent court. (Pet. at 7-10.) After notification of the deficiencies, Petitioner had not submitted any evidence to overcome them with his current application. (Id. at 8.)

The second set of documents is from Dagoberto Torres v. Ralph Gamboa, Sr., a/k/a/ Mariano Camilo Gamboa, case number DM-2010-81 in the State of New Mexico, County of Dona Ana, Third Judicial District Court. (Id. at 11-13.) According to a default order establishing paternity dated June 18, 2010, the respondent, Petitioner's natural father, had been served with a petition to establish paternity but had failed to respond. A subsequent order filed on October 19, 2012, entitled "SUPPLEMENTAL ORDER NUNC PRO TUNC," noted that following Petitioner's motion to reopen, the court concluded that the default order establishing paternity was effective nunc pro tunc as of the Petitioner's date of birth of January 22, 1973.

III.   Legal Standards

A federal prisoner who wishes to challenge his conviction or sentence on the grounds it was imposed in violation of the Constitution or laws of the United States or was otherwise subject to collateral attack must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.  28 U.S.C. § 2255; Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006); Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988). In such cases, the motion must be filed in the district where the defendant was sentenced because only the sentencing

4

court has jurisdiction. <u>Hernandez v. Campbell</u>, 204 F.3d 861, 864 (9th Cir. 2000); <u>Tripati</u>, 843 F.2d at 1163.

Generally, a prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. <u>Stephens v. Herrera</u>, 464 F.3d at 897; <u>Tripati</u>, 843 F.2d at 1162. In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. <u>Brown v. United States</u>, 610 F.2d 672, 677 (9th Cir. 1990).

A federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 only if he can show that the remedy available under § 2255 is "inadequate or ineffective to test the legality of his detention." <u>United States v. Pirro</u>, 104 F.3d 297, 299 (9th Cir. 1997) (quoting § 2255). Although there is little guidance on when § 2255 is an inadequate or ineffective remedy, in the Ninth Circuit it is recognized that the exception is narrow. <u>Id</u>.; <u>Moore v. Reno</u>, 185 F.3d 1054, 1055 (9th Cir. 1999) (dismissal of a successive motion pursuant to § 2255 did not render such motion procedure an ineffective or inadequate remedy so as to authorize a federal prisoner to seek habeas relief); <u>Aronson v. May</u>, 85 S.Ct. 3, 5 (1964) (denial of a prior § 2255 motion is insufficient to render § 2255 inadequate); <u>Tripati</u>, 843 F.2d at 1162-63 (noting that a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); see, <u>United States v. Valdez-Pacheco</u>, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by filing a petition for writ of audita querela

5

pursuant to the All Writs Act, 28 U.S.C. § 1651). The burden is on the petitioner to show that the remedy is inadequate or ineffective. <u>Redfield v. United States</u>, 315 F.2d 76, 83 (9th Cir. 1963). If a petitioner proceeding pursuant to § 2241 fails to meet his burden to demonstrate that the § 2255 remedy is inadequate or ineffective, the § 2241 petition will be dismissed for lack of jurisdiction. <u>Ivy v. Pontesso</u>, 328 F.3d 1057, 1061 (9th Cir. 2003).

Before proceeding to consider the merits of a petition, a district court must resolve the threshold question whether a petition was properly brought as a habeas petition or whether the filing should instead be construed as a motion to vacate. <u>Muth v. Fondren</u>, 676 F.3d 815, 818 (9th Cir. 2012).

IV. <u>Analysis</u>

In this case, Petitioner challenges his underlying conviction. Because Petitioner is challenging his conviction, and not errors in the administration of his sentence, the Court concludes that Petitioner is not entitled to relief under § 2241.

Petitioner appears to contend that § 2255 is inadequate and ineffective because Petitioner has already filed a previous motion pursuant to § 2255 and has suffered a denial of his motion.

The AEDPA limits the circumstances under which a petitioner may file a second or successive motion pursuant to § 2255:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
> 1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have

6

```
        found the movant guilty of the offense; or
            2) a new rule of constitutional law, made
        retroactive to cases on collateral review by the
        Supreme Court, that was previously unavailable.
```

28 U.S.C. § 2255(h).

Petitioner does not allege that he has obtained a certification from the Court of Appeals to make a successive § 2255 motion.  Further, he has not shown that any newly discovered evidence is in issue or is otherwise material in this proceeding, or that any new rule of constitutional law is involved.  It, therefore, appears that Petitioner would not meet the requirements for filing a successive motion pursuant to § 2255.  However, the mere failure to meet the statutory bar for successive motions does not render the remedy under § 2255 inadequate or ineffective pursuant to 28 U.S.C. § 2255(e) and (h).  See, Moore v. Reno, 185 F.3d at 1055.

Petitioner argues that he is actually innocent of the offense because it has now been recognized that he is a citizen of the United States and, as such, he could not be guilty of his commitment offense of illegal reentry.  The government had the burden of proof that Petitioner was an alien in order to convict him of a violation of 8 U.S.C. § 1326(a).  8 U.S.C. § 1326(a); United States v. Marguet-Pillado, 648 F.3d 1001, 1009-10 (9th Cir. 2011).

Although authority in this circuit is limited, it is recognized that the § 2255 remedy is inadequate and ineffective, and a petition pursuant to § 2241 is available, when the petitioner 1) claims to be factually innocent of the crime for which he has been convicted, and 2) has never had an

7

"unobstructed procedural shot" at presenting the claim.  <u>Stephens v. Herrera</u>, 464 F.3d at 898.

A claim of actual innocence for purposes of the "escape hatch" of § 2255 is assessed by the test stated in <u>Bousley v. United States</u>, 523 U.S. 614, 623 (1998), which in turn requires that the petitioner demonstrate that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.  <u>Stephens</u>, 464 F.3d at 898.  At this screening stage of the proceedings when the Court lacks full briefing on the legal significance of the New Mexico court's paternity ruling regarding Petitioner's conviction, it will be assumed for the sake of argument that Petitioner might be able to show actual innocence.

However, Petitioner has not alleged facts to demonstrate that his claim of citizenship was previously unavailable.  To determine the adequacy of a petitioner's opportunity to raise a claim, the court determines whether the basis of the claim was available at the time of the direct appeal and the first § 2255 motion.  The court considers whether 1) the legal basis for the petitioner's claim did not arise until after he had exhausted his direct appeal and his first § 2255 motion, and 2) whether the law changed in any way relevant to the petitioner's claim after the first § 2255 motion.  <u>Alaimalo v. United States</u>, 645 F.3d 1042, 1047 (9th Cir. 2011).  An intervening court decision that effects a material change in the applicable law that forms the basis for a claim may warrant resort to relief pursuant to § 2241.  <u>Id.</u>  However, where a petitioner fails to raise a claim at trial or on direct appeal even though the legal basis for the claim was clear

at those times, the petitioner has not shown that the claim was not available until after the filing of the first § 2255 motion. Harrison v. Ollison, 519 F.3d 952, 960-61 (9th Cir. 2008); Ivy v. Pontesso, 328 F.3d 1057, 1060 (9th Cir. 2003).

Here, it appears that the facts pertinent to Petitioner's claim of citizenship related to matters that transpired many years before Petitioner's prosecution. Thus, the facts would have been known by, or available to, Petitioner during his prosecution, including the direct appeal process. Petitioner has not alleged that the factual basis of his claim was previously unavailable.

Further, Petitioner has not alleged that there was any change in the law or other factor that would have made the legal basis of Petitioner's citizenship claim unavailable at the time of his first § 2255 motion. Petitioner has not explained why he could not have sought and obtained an adjudication of paternity before or during his prosecution or at the time he filed his first § 2255 motion.

In sum, even assuming Petitioner could establish actual innocence, Petitioner has not demonstrated that he lacked an unobstructed procedural shot to set forth his claim. Accordingly, Petitioner has not demonstrated that § 2255 constitutes an inadequate or ineffective remedy for raising his claims. Thus, Petitioner may not raise his claims in a proceeding pursuant to § 2241. Accordingly, the petition should be dismissed for lack of jurisdiction. Ivy v. Pontesso, 328 F.3d at 1061.

It is possible, however, that if given leave to file a first amended petition, Petitioner could allege a tenable claim for

9

relief by alleging facts or legal developments that deprived him of an unobstructed procedural shot.

### V. Leave to File a First Amended Petition

The instant petition must be dismissed for the reasons stated above.  Petitioner will be given an opportunity to file a first amended petition to cure the deficiencies.

Petitioner is advised that failure to file a petition in compliance with this order within the allotted time will result in dismissal of the petition and termination of the action. Petitioner is further advised that the amended petition should be entitled, "First Amended Petition," and it must refer to the case number in this action.  Petitioner is also informed that Local Rule 220 provides that unless prior approval to the contrary is obtained from the Court, every pleading as to which an amendment or supplement is permitted shall be retyped or rewritten and filed so that it is complete in itself without reference to the prior or superseded pleading.

### VI. Disposition

Accordingly, it is ORDERED that:

1) The petition for writ of habeas corpus is DISMISSED with leave to amend; and

2) Petitioner is GRANTED thirty (30) days from the date of service of this order to file an amended petition in compliance with this order; and

///
///
///
///

3) The Clerk of the Court is DIRECTED to send Petitioner a form petition pursuant to 28 U.S.C. § 2241.

IT IS SO ORDERED.

**Dated:   November 27, 2012**                    /s/ Sheila K. Oberto
                                                  UNITED STATES MAGISTRATE JUDGE