**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAGOBERTO TORRES,<br><br>      Petitioner,<br><br>   v.<br><br><br>MICHAEL L. BENOV, Warden,<br><br>      Respondent. | Case No. 1:12-cv-01831-LJO-SKO-HC<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS THE FIRST AMENDED PETITION (DOCS. 18, 1, 7)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITIONER'S APPLICATION FOR RELEASE ON BAIL (DOC. 15) AND PETITIONER'S MOTION TO EXPEDITE THE PROCEEDINGS (DOC. 20)<br><br>FINDINGS AND RECOMMENDATIONS TO DECLINE TO ISSUE A CERTIFICATE OF APPEALABILITY AND TO DIRECT THE CLERK TO CLOSE THE CASE<br><br><u>OBJECTIONS DEADLINE:</u><br><u>THIRTY (30) DAYS</u> |

Petitioner is a federal prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 through 304. Pending before the Court is Respondent's motion to dismiss the first amended petition (FAP), which was filed on May 20, 2013.  Petitioner filed an opposition styled as a traverse on May 30, 2013; no reply

1

was filed.  Petitioner filed supplemental authority concerning his motion to expedite the proceedings on October 4, 2013, without having sought or received leave to file supplemental authority.  In the interest of judicial economy, the Court will consider the supplemental authority.

I.  <u>Proceeding by a Motion to Dismiss</u>

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies to the petition.  <u>Lindh v. Murphy</u>, 521 U.S. 320, 327 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997).

Title 28 U.S.C. § 2241 provides that writs of habeas corpus may be granted by a district court within its jurisdiction only to a prisoner whose custody is within enumerated categories, including but not limited to custody under the authority of the United States or custody in violation of the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2241(a), (c)(1) and (3).

A district court must award a writ of habeas corpus or issue an order to show cause why it should not be granted unless the application reveals the applicant is not entitled thereto.  28 U.S.C. § 2243.  Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) is applicable to proceedings brought pursuant to § 2241.  Habeas Rule 1(b).  Habeas Rule 4 permits the filing of "an answer, motion, or other response," and thus it authorizes the filing of a motion in lieu of an answer in response to a petition.  Rule 4, Advisory Committee Notes, 1976 Adoption and 2004 Amendments.  This provides the Court with the flexibility and discretion initially to forego an answer in the

2

interest of screening out frivolous applications and eliminating the burden on a respondent of an unnecessary answer.  Advisory Committee Notes, 1976 Adoption.  Rule 4 confers upon the Court broad discretion to take "other action the judge may order," including authorizing a respondent to make a motion to dismiss based upon information furnished by the respondent, which may show that a petitioner's claims suffer a procedural or jurisdictional infirmity, such as res judicata, failure to exhaust state remedies, or absence of custody.  Id.

The Supreme Court has characterized as erroneous the view that a Rule 12(b)(6) motion is appropriate in a habeas corpus proceeding. See, Browder v. Director, Ill. Dept. of Corrections, 434 U.S. 257, 269 n. 14 (1978); but see Lonchar v. Thomas, 517 U.S. 314, 325-26 (1996).  However, in light of the broad language of Rule 4, motions to dismiss are appropriate in cases that proceed pursuant to 28 U.S.C. § 2254 and present issues of failure to state a colorable claim under federal law, O'Bremski v. Maas, 915 F.2d 418, 420-21 (9th Cir. 1990); procedural default in state court, White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); and failure to exhaust state court remedies, Hillery v. Pulley, 533 F.Supp. 1189, 1194 n.12 (E.D.Cal. 1982).  Here, a motion to dismiss a petition for a lack of subject matter jurisdiction is appropriate because where a petitioner claims that § 2255 provides an ineffective remedy, the district court in which the petition is brought is required initially to rule whether a § 2241 remedy is available under the savings clause of § 2255. Hernandez v. Campbell, 204 F.3d 861, 866 (9th Cir. 2000).

///

///

II.   Background

On November 8, 2012, Petitioner filed the initial petition for writ of habeas corpus, challenging his federal conviction and sentence and alleging he is innocent of his commitment offense.  On November 27, 2012, the Court dismissed the petition with leave to file a first amended petition.  The Court determined that Petitioner was using § 2241 to challenge his underlying federal conviction and/or sentence, and not errors in the administration of his sentence.  Petitioner had filed a previous motion pursuant to 28 U.S.C. § 2255, but he had not shown he came within the circumstances which allowed for the filing of a second or successive motion pursuant to § 2255.

In response to the order dismissing the petition, Petitioner filed a document styled as a first amended petition, but which contained an explanation regarding the Court's jurisdiction.  On January 18, 2012, the Court deemed the originally filed petition and Petitioner's explanation (docs. 1 & 7) to be a first amended petition and directed the Respondent to answer the FAP.

Petitioner alleges he is an inmate of the Federal Correctional Institution at Taft, California (FCIT), serving a sentence of 96 months imposed in April 2008, in the United States District Court for the Western District of Texas for illegal reentry by an alien in violation of 8 U.S.C. § 1326(a).  (Pet., doc. 1, 1-2.)  He alleges he did not file an appeal from the judgment or sentence.  According to Respondent, in case number 3:07-cr-01281-FM, Petitioner appealed from the final judgment, but the appeal was dismissed for Petitioner's failure to order transcripts and make financial

4

arrangements to pay the docket fee.  (Mot. to Dismiss, exh. 1, doc. 18-1, 8; exh. 2, doc. 18-1, 14.)

On May 28, 2009, Petitioner filed a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255, alleging that trial counsel was ineffective for failing to negotiate adequately concerning Petitioner's sentence and to object to a presentence report.  (Id. at exh. 3, doc. 18-1, 18-44.)  The motion to vacate was denied on February 24, 2010, and the court declined to issue a certificate of appealability.  (Doc. 18-1, 9.)  Petitioner appealed from the denial of the motion, and the United States Court of Appeals for the Ninth Circuit denied Petitioner's motion for a certificate of appealability.  (Doc. 18-1, 9, 48.)

Petitioner now contends he is actually innocent of the charge because his father's paternity was established by a court's adjudication, and thus Petitioner was a United States citizen and could not have been properly convicted of illegally reentering as an alien.  Respondent argues that Petitioner has not demonstrated that 28 U.S.C. § 2255 constitutes an inadequate or ineffective remedy for raising his claim, and he has not alleged facts to show that he is actually innocent of his commitment offense.  Thus, the petition should be dismissed.

Attached to the FAP are two sets of documents.  A decision of the United States Citizenship and Immigration Services dated February 27, 2008, denying Petitioner's application for citizenship made on October 30, 2007, on Form N-600, pursuant to section 341 of the Immigration and Nationality Act (Act).  Petitioner claimed he acquired United States citizenship through his father, Ralph Gamboa, also known as Mariono Camilo Gamboa.  Petitioner had been given

notice of the service's intent to deny the application because Petitioner, who was born on January 22, 1973, was neither legitimated or at least fifteen years old in November 14, 1986, the requirements of "new" section 309(a) of the Act applied to him.  The decision noted Petitioner's previous 2002 application that was denied in August 2005 because Petitioner had not established that while he was under the age of eighteen years, 1) his father had agreed in writing to provide him with financial support until he reached the age of eighteen years, and 2) his father had legitimated him under either Mexican law or the laws of the state of New Mexico, or acknowledged paternity over Petitioner in writing under oath, or 3) paternity had been established by the adjudication of a competent court.  (Pet. at 7-10.)

Following notification of the deficiencies, Petitioner did not submit any evidence to overcome them with his current application. (Id. at 8.)  There is nothing before the Court that indicates that Petitioner appealed from the denial of his application for a certificate of citizenship.

The second set of documents is from Dagoberto Torres v. Ralph Gamboa, Sr., a/k/a/ Mariano Camilo Gamboa, case number DM-2010-81 in the State of New Mexico, County of Dona Ana, Third Judicial District Court.  (Id. at 11-13.)  A default order establishing paternity dated June 18, 2010, recited that the respondent father had been served with a petition to establish paternity but had failed to respond; further, the respondent was the natural father of Petitioner.  (Id. at 11-12.)  A subsequent order filed in the same case on October 19, 2012, entitled "SUPPLEMENTAL ORDER NUNC PRO TUNC," recited that upon a motion to reopen brought by Petitioner in

August 2012, the court found and concluded that the default order establishing paternity was "effective nunc pro tunc" as of the Petitioner's date of birth on January 22, 1973.  (<u>Id.</u> at 13.)

In his opposition to the motion to dismiss, Petitioner submitted documentation to establish he was actually innocent of the commitment offense because he derived citizenship from his father who recognized his paternity.  Petitioner submits the results of DNA testing dated December 3, 2001, indicating that the probability that Ralph Gamboa, Petitioner's alleged father, is actually Petitioner's father is 99.96 percent.  (Doc. 19, 13, 19.)   Petitioner submits an affidavit of his father, Ralph Gamboa, stating that he is a United States citizen who has lived all his life at an address in Roswell, New Mexico; Petitioner was born to Gamboa and Gloria Torres on January 22, 1973, when Torres was living in Mexico after having lived for several years with Gamboa in Las Cruces, New Mexico, and having become pregnant during that time.  Later Gamboa, who was living in Houston, Texas, met Torres upon her return to the United States; met his son, Petitioner; and accepted and recognized Petitioner as his son and agreed to support him until he reached the age of majority.  Gamboa stated that he was also living in New Mexico.  (Doc. 19, 15.)

Petitioner also submits what appears to be Gamboa's birth certificate, which reflects he was born in 1943 in New Mexico to parents who were residents of New Mexico, (doc. 19, 17); copies of Social Security Administration records reflecting that a Ralph Gamboa was employed by employers with addresses in various states between 1955 and 1973 (doc. 19, 21-28); and copies of New Mexico penitentiary records indicating that a Ralph Gamboa was in custody

from 1964 through 1971, (id. at 29-31).

Finally, Petitioner submits a copy of a notice of the U.S. Citizenship and Immigration Services dated January 8, 2013, indicating that Petitioner's Form N-600, an application for a certificate of citizenship, had been received; the notice states, "THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT." (Doc. 19, 9.)  Petitioner also submits a copy of a Form I-290B, a notice of appeal of motion, stating Petitioner is filing a motion to re-open and to reconsider a decision.  (Id. at 10.)  A portion of an attachment is also submitted, which commences with the word "...continued" and begins with text in the middle of a sentence, alleging Petitioner obtained the state court order establishing paternity, and that Petitioner's father recognized his paternity since his date of birth as established by the state court and Gamboa's affidavit.  (Id. at 11.)

Thus, contrary to Respondent's assertion, Petitioner has shown that he has filed a subsequent Form N-600, although he has not shown his renewed application has been adjudicated.  However, Respondent correctly contends Petitioner has not shown he sought and received permission from the Fifth Circuit Court of Appeals to file a second motion pursuant to § 2255(h) to allege the new issues raised in the present § 2241 petition, including any "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing that no reasonable factfinder would have found the movant guilty of the offense" pursuant to § 2255(h)(1).

///

///

III.  Inadequate or Ineffective Remedy

A.  Legal Standards

A federal prisoner who wishes to challenge his conviction or sentence on the grounds it was imposed in violation of the Constitution or laws of the United States or was otherwise subject to collateral attack must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.  28 U.S.C. § 2255; Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006); Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988).  The motion must be filed in the district where the defendant was sentenced because only the sentencing court has jurisdiction.  Hernandez v. Campbell, 204 F.3d at 864; Tripati, 843 F.2d at 1163.  Generally, a prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Stephens v. Herrera, 464 F.3d at 897; Tripati, 843 F.2d at 1162.

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.  Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

Title 28 U.S.C. § 2255(e) provides as follows:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

9

A federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 only if he can show that the remedy available under § 2255 is "inadequate or ineffective to test the legality of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997) (quoting § 2255). Although there is little guidance on when § 2255 is an inadequate or ineffective remedy, the exception is narrow. Id.; Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) (dismissal of a successive motion pursuant to § 2255 did not render such motion procedure an ineffective or inadequate remedy so as to authorize a federal prisoner to seek habeas relief); Aronson v. May, 85 S.Ct. 3, 5 (1964) (denial of a prior § 2255 motion is insufficient to render § 2255 inadequate); Tripati, 843 F.2d at 1162-63 (noting that a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); see, United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by filing a petition for writ of audita querela pursuant to the All Writs Act, 28 U.S.C. § 1651). The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963). If a petitioner proceeding pursuant to § 2241 fails to meet his burden to demonstrate that the § 2255 remedy is inadequate or ineffective, the § 2241 petition will be dismissed for lack of jurisdiction. Ivy v. Pontesso, 328 F.3d 1057, 1061 (9th Cir. 2003).

The AEDPA limits the circumstances under which a petitioner may file a second or successive motion pursuant to § 2255:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—

1
2
3
4
5

> 1) newly discovered evidence that, if proven
> and viewed in light of the evidence as a whole, would
> be sufficient to establish by clear and convincing
> evidence that no reasonable factfinder would have
> found the movant guilty of the offense; or
> 2) a new rule of constitutional law, made
> retroactive to cases on collateral review by the
> Supreme Court, that was previously unavailable.

6

28 U.S.C. § 2255(h).

7

    B. <u>Analysis</u>

8
9
10

    Here, because Petitioner challenges his underlying conviction and sentence and not errors in the administration of his sentence, the petition is within the scope of 28 U.S.C. § 2255(a).

11
12
13
14

    Petitioner argues that he brought an earlier motion pursuant to § 2255, which was denied. (Doc. 1, 5.)  However, denial of a previous § 2255 motion is insufficient by itself to render the § 2255 remedy inadequate. <u>Aronson v. May</u>, 85 S.Ct. at 5.

15
16
17
18
19
20
21
22
23
24
25
26
27
28

    Respondent notes that because the default judgment from the New Mexico court did not exist until June 2010, Petitioner had a colorable claim that the judgment constituted newly discovered evidence of his citizenship that did not exist on the date of conviction.  However, Petitioner has not alleged he has obtained a certification from the Court of Appeals to make a successive § 2255 motion.  Respondent notes that the Fifth Circuit Court of Appeals might consider an application to file a successive § 2255 motion to be untimely pursuant to 28 U.S.C. § 2255(f)(4), which provides a one-year statute of limitation for filing a § 2255 motion that runs from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." (Doc. 18, 6-7 & n.1.)  However, even if the Fifth Circuit were to find that an application for a successive motion was

untimely, that would not be sufficient to render the § 2255 remedy inadequate or ineffective.  The mere failure to meet the statutory bar for successive motions does not render the remedy under § 2255 inadequate or ineffective pursuant to 28 U.S.C. § 2255(e) and (h). See, Moore v. Reno, 185 F.3d at 1055.  The authority of federal courts to grant habeas relief under § 2241 is limited by § 2255. Tripati v. Henman, 843 F.2d at 1162.  Here, an application to file a successive § 2255 motion may be granted, providing Petitioner another opportunity to present his claim in the proper forum.

IV.   Actual Innocence

Petitioner contends his remedy pursuant to § 2255 is inadequate because he is actually innocent of the commitment offense. Petitioner argues that by the time the state court adjudicated paternity in 2010 and issued an amended order in 2012, Petitioner had already exhausted his first § 2255 motion; thus, he lacked an unobstructed chance to present his innocence claim in his first § 2255 motion.

Although authority in this circuit is limited, the § 2255 remedy is inadequate and ineffective, and a § 2241 petition is available, when the petitioner 1) claims to be factually innocent of the crime for which he has been convicted, and 2) has never an "unobstructed procedural shot" at presenting the claim.  Stephens v. Herrera, 464 F.3d at 898.

A claim of actual innocence for purposes of the "escape hatch" of § 2255 is assessed by the test in Bousley v. United States, 523 U.S. 614, 623 (1998), which requires that petitioner demonstrate that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.  Stephens, 464 F.3d at

12

898.

To determine the adequacy of a petitioner's opportunity to raise a claim, the court determines whether the basis of the claim was available at the time of the direct appeal and the first § 2255 motion, and it considers whether 1) the legal basis for the petitioner's claim did not arise until after he had exhausted his direct appeal and his first § 2255 motion, and 2) whether the law changed in any way relevant to the petitioner's claim after the first § 2255 motion. <u>Alaimalo v. United States</u>, 645 F.3d 1042, 1047 (9th Cir. 2011). An intervening court decision that effects a material change in the applicable law that forms the basis for a claim may warrant resort to relief pursuant to § 2241. <u>Id.</u> However, where a petitioner fails to raise a claim at trial or on direct appeal even though the legal basis for the claim was clear at those times, the petitioner has not shown that the claim was not available until after the filing of the first § 2255 motion. <u>Harrison v. Ollison</u>, 519 F.3d 952, 960-61 (9th Cir. 2008); <u>Ivy v. Pontesso</u>, 328 F.3d at 1060.

Here, there is no showing that the legal basis of Petitioner's claim arose after he had exhausted his direct appeal and first § 2255 motion. The legal basis of Petitioner's claim of citizenship related to Petitioner's father's behavior while Petitioner was under eighteen, including entering into a written agreement to provide financial support, and legitimation under the law of the state of residence or domicile or sworn, written acknowledgment of paternity. Petitioner did not raise these grounds during his appeal or § 2255 proceeding, and there is no showing that these grounds were unavailable to him when he appealed and brought his first § 2255

motion.  Similarly, there is no showing that there was any change in the law that affected the basis of Petitioner's claim.

Further, Petitioner has not stated whether he has sought permission from the Ninth Circuit to file a second or successive petition based on the state court judgment of paternity.  Such an application may have been granted, providing Petitioner with another opportunity to present his claim in the proper forum.  Thus, Petitioner has not shown he did not have an unobstructed procedural shot at presenting his challenges to the sentencing court.

However, even if Petitioner attempted to obtain permission to file a second or successive petition and failed, that would not necessarily render the § 2255 remedy inadequate or ineffective.  Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) (citing Moore v. Reno, 185 F.3d 1054).  The Court concludes Petitioner has failed to demonstrate he never had an unobstructed procedural shot at presenting his claim.

With respect to Petitioner's actual innocence, the United States Citizenship and Immigration Services determined that Petitioner did not establish citizenship because he did not demonstrate that while he was under eighteen, he was legitimated under the law of his residence or domicile, the father acknowledged paternity in writing under oath, or paternity was established by adjudication of a competent court.  (Doc. 1, 8.)

The only two sources of citizenship are birth and naturalization.  Miller v. Albright, 523 U.S. 420, 423 (1998).  Persons not born in the United States acquire citizenship by naturalization only as provided by Acts of Congress.  Id. at 424; 8 U.S.C. § 1421(d).  Congress has specifically provided that the sole

14

authority to naturalize persons as citizens of the United States and to issue certificates of naturalization is conferred upon the Attorney General.  8 U.S.C. § 1421(a), (b)(4).  Federal courts are not authorized to naturalize persons and may only engage in judicial review of the denial of an application for naturalization; they cannot sanction changes or modifications to the terms and conditions regarding naturalization specified by Congress.  8 U.S.C. § 1421(c); I.N.S. v. Pangilinan, 486 U.S. 875, 883-84 (1988).

Title 8 U.S.C. § 1409 governs the acquisition of United States citizenship by persons born to a United States citizen parent and a noncitizen parent when the parents are unmarried and the child is born outside of the United States.  Nguyen v. I.N.S., 533 U.S. 53, 56, 59 (2001).  Where, as here, the citizen parent is the father and the mother is an alien, § 1409(a) sets the requirements for citizenship.  Id. at 59.  Section 1409(a) states the following:

> (a) The provisions of paragraphs (c), (d), (e), and (g) of section 1401 of this title, and of paragraph (2) of section 1408 of this title, shall apply as of the date of birth to a person born out of wedlock if—

> (1) a blood relationship between the person and the father is established by clear and convincing evidence,

> (2) the father had the nationality of the United States at the time of the person's birth,

> (3) the father (unless deceased) has agreed in writing to provide financial support for the person until the person reaches the age of 18 years, and

> (4) while the person is under the age of 18 years—

> A) the person is legitimated under the law of the person's residence or domicile,

> (B) the father acknowledges paternity of the person in writing under oath, or

                        (C) the paternity of the person is established
                        by adjudication of a competent court.

8 U.S.C. § 1409(a).

    Petitioner argues that his claim of citizenship is "plainly
based on a new set of evidence that was not available to him during
his direct appeal and his first § 2255 motion."  (Reply , doc. 19,
2.)  However, there is no showing that the facts upon which
Petitioner bases his claim of citizenship were not available at that
time.

    To demonstrate actual innocence, Petitioner must show that in
light of all the evidence, it is more likely than not that no
reasonable juror would have convicted him.  Stephens, 464 F.3d at
898.  The Service determined Petitioner had not met the requirements
of 8 U.S.C. § 1409(a)(3) and (4).  Petitioner has shown that Gamboa
is probably his father and could have been a United States citizen
at the time of Petitioner's birth, and that at some undetermined
point in Petitioner's life, Gamboa acknowledged his paternity of
Petitioner and agreed to support him.  However, Petitioner has not
shown that an agreement to support him during his minority was made
in writing.  Further, Petitioner has not shown that while Petitioner
was under eighteen, he was legitimated under the law of Petitioner's
residence or domicile, that Gamboa acknowledged his paternity of
Petitioner in writing under oath, or that Petitioner's paternity was
established by adjudication of a competent court.  The requirements
of § 1409(a)(4) must be met when the applicant is a minor.  Miller

16

1   <u>v. Albright</u>, 523 U.S. at 435.[1]  Because Petitioner has not met the

2 necessary requirements, he has not shown that he is a citizen.  It

3 cannot be concluded that in light of all the evidence, it is more

4 likely than not that no reasonable juror would have convicted him.

5      Accordingly, the Court concludes that Petitioner has not shown

6 that he was actually innocent of the commitment offense.  Because

7 Petitioner is challenging his conviction and sentence but has not

8 shown that his remedy by way of § 2255 is inadequate or ineffective,

9 it will be recommended that the motion to dismiss for lack of

10 subject matter jurisdiction be granted, and that the petition be

11 dismissed.

12      V.  <u>Petitioner's Motion for Bail</u>

13      On April 3, 2013, Petitioner filed an application for release

14 on bail pending resolution of his petition for writ of habeas corpus

15 pursuant to 28 U.S.C. § 2241 and 18 U.S.C. §§ 3142 and

16 3143(b)(1)(A).  (Doc. 15.)  Petitioner's application is based on the

17 nature of his commitment offense, his allegations and exhibits,

18 which he characterizes as demonstrating that he became a United

19 States citizen and thus was actually innocent of his offense, the

20 absence of any likelihood that he would flee, the absence of any

21 danger to the safety of any person in the community if he were

22 released, the absence of any purpose of delay on his part, and the

23 fact that his petition raises a substantial question of law that

24 will result in the dismissal of all charges.  Petitioner bases his

25 application on the exhibits submitted in connection with the

26 petition.  Respondent opposes the motion on the ground that

27 ───────────────

28 [1] However, Petitioner showed that the adjudication of paternity occurred in 2010 and the nunc pro tunc amendment in 2012, when Petitioner was approximately thirty-seven and thirty-nine years old, respectively.

Petitioner has not shown that the Court has jurisdiction to hear his claim or that his claim has merit.

Title 18 U.S.C. § 3143(b) provides as follows:

(b) Release or detention pending appeal by the defendant

(1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—

(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and

B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—

(i) reversal,
(ii) an order for a new trial,
(iii) a sentence that does not include a term of imprisonment, or
(iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title, except that in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.

(2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained.

18

18 U.S.C. § 3143(b).

Here, Petitioner has not shown that he has filed an appeal or petition for certiorari.  However, even if § 3143 applied to Petitioner and would otherwise authorize his release, he has not shown his petition raises a substantial question of law or fact likely to result in the overturning of his conviction.  Even more fundamental is the absence of any showing that this Court has jurisdiction over Petitioner's claim.

Accordingly, it will be recommended that Petitioner's application for release be dismissed.

VI.   Petitioner's Motion to Expedite the Proceeding

On June 28, 2013, Petitioner filed a motion to expedite this proceeding on the ground that he is actually innocent of the commitment offense and that in view of his expected release date of April 30, 2014, Petitioner faces irreparable harm if the matter is not expedited.

In view of the foregoing analysis and the conclusion that Petitioner has not shown that his remedy pursuant to § 2255 is inadequate and ineffective or that he is actually innocent of the offense, this Court lacks jurisdiction to determine the merits of the petition.  Thus, a motion to expedite the proceedings is moot. Therefore, it will be recommended that Petitioner's motion to expedite the proceedings be dismissed.

VII.   Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a proceeding under section 2255.  28 U.S.C. § 2253(c)(1)(B); Hohn v. United States, 524 U.S. 236, 239-40 (1998).

19

Appeal from a proceeding that is nominally undertaken pursuant to 28 U.S.C. § 2241, but which is really a successive application under § 2255, requires a certificate of appealability.  Porter v. Adams, 244 F.3d 1006, 1007 (9th Cir. 2001).

Here, Petitioner is raising previously unsuccessful claims attacking only the legality of his conviction and sentence, and not the execution of his sentence.  A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right.  § 2253(c)(2).  Under this standard, a petitioner must show reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.  Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether: (1) the petition states a valid claim of the denial of a constitutional right, or (2) the district court was correct in any procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).  In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong.  Id.  An applicant must show more than an absence of frivolity or the existence of mere good faith; however, the applicant need not to show the appeal will succeed.  Miller-El v. Cockrell, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

20

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, it will be recommended that the Court decline to issue a certificate of appealability.

VIII.   Recommendations

Based on the foregoing, it is RECOMMENDED that:

1)   Respondent's motion to dismiss the petition be GRANTED;

2)   Petitioner's motions for release and to expedite the proceedings be DISMISSED;

3)   The Court DECLINE to issue a certificate of appealability; and

4)   The Clerk be DIRECTED to close the case.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's

///

order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 16, 2013**                    **/s/ Sheila K. Oberto**
                                        UNITED STATES MAGISTRATE JUDGE